**Raymond J. DONOVAN, Secretary of Labor, Petitioner,**

**Copperweld Steel Company, Intervenor,**

**v.**

**UNITED STEELWORKERS OF AMERICA, LOCAL 2243, Respondent.**

**No. 83–3039.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1984.

Decided April 9, 1984.

Frank A. White, Sol., Dennis K. Kade, Andrea C. Casson, argued, U.S. Dept. of Labor, Washington, D.C., for petitioner.

Mary-Win O'Brien, Asst. Gen. Counsel, United Steelworkers of America, James D. English, Pittsburgh, Pa., Jeremiah A. Collins, argued, Bredhoff & Kaiser, Washington, D.C., for respondent.

R. Henry Moore, Pittsburgh, Pa., for intervenor Copperweld Steel Co.

Before KENNEDY, Circuit Judge, PECK, Senior Circuit Judge, and UN-THANK, District Judge.*

CORNELIA G. KENNEDY, Circuit Judge.

The Secretary of Labor (Secretary) seeks review of an order of the Occupational Safety and Health Review Commission (OSHRC or Commission) reserving ruling on the Secretary's motion to withdraw a citation and petition for review. The respondent United Steelworkers of America (Union) has moved to dismiss the petition for review before this Court for lack of jurisdiction. We find that the OSHRC order in question is not a final order and thus is outside our jurisdiction to review.

In 1979, the Secretary issued a citation charging the Copperweld Steel Company (Copperweld) with violating the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–678. Copperweld contested the citation, and a complaint and answer were filed. Before the hearing the Union filed for party status as the representative of Copperweld's employees, pursuant to 29 U.S.C. § 659(c) and 29 C.F.R. § 200.20. An Administrative Law Judge of the OSHRC, following the hearing, vacated the citation based on his finding that the alleged violation was not likely to cause death or serious physical harm. The Secretary then petitioned the Commission for review of the judge's order, and the Commission granted review.

On the day that opening briefs in the review were due, however, the Secretary filed a motion to withdraw his petition for discretionary review and the citation. Copperweld consented to the motion to withdraw, but the Union filed a motion to deny the Secretary's motion, claiming that the employees were denied "meaningful participation" in that portion of the review process. The Secretary then withdrew his motion while the parties discussed the case, with the Secretary and Copperweld claiming that the violation had been abated. The Secretary then filed a new motion to withdraw; Copperweld again consented, and the Union again filed a motion to deny the Secretary's motion. The OSHRC issued an order granting the Secretary's motion to withdraw, but rescinded the order a few days later.

The Commission subsequently issued the order on appeal before us, which stated, "[The Commission] reserves ruling on the withdrawal motion until the merits of the

* Honorable G. Wix Unthank, United States District Court for the Eastern District of Kentucky, sitting by designation.

issues are considered," and directed the parties to file briefs on the merits within forty days. In a footnote to the order, one of the three commissioners impliedly rejected the Secretary's claimed right to withdraw at his discretion:

> [I]f there is merit to the union's argument that the employer should be found in violation consistent with the citation, then the citation should be affirmed and the Secretary would not be permitted to withdraw the petition for review and citation. If there is no merit in the union's position, then the Secretary will be permitted to withdraw the citation.

Another commissioner dissented from the order, stating that he felt the Secretary's motion should be granted and that the Commission's order was "tantamount to a denial, for the very purpose of the Secretary's motion is to terminate the proceedings without review of the merits." The third commissioner did not indicate whether the Secretary could withdraw at will or the OSHRC could deny the Secretary's motion to withdraw based on the merits of the case. The Secretary's motion to withdraw is still pending before the Commission.

The Occupational Safety and Health Act authorizes the Secretary to obtain review of any final order of the Commission in the United States courts of appeals, 29 U.S.C. § 660(b). The Act defines a final order as an order "affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief," 29 U.S.C. § 659(c); *Noranda Aluminum, Inc. v. OSHRC*, 650 F.2d 934, 935–36 (8th Cir. 1981); *Fieldcrest Mills, Inc. v. OSHRC*, 545 F.2d 1384, 1386 (4th Cir.1976). The Commission's order in this case clearly does not satisfy this definition. The Secretary contends, nevertheless, that the order can be reviewed under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

The *Cohen* exception to the usual requirement of finality applies only to orders that are "the final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it," *Melamed v. ITT Continental Baking Co.*, 534 F.2d 82, 84 (6th Cir. 1976), quoting *Cohen*, 337 U.S. at 546–47, 69 S.Ct. at 1225–26. To come under the *Cohen* rule, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (footnote omitted). Although the Supreme Court in *Cohen* recognized that the exception it established should be given a "practical rather than a technical construction," the Court anticipated that the exception would permit review of only a "small class" of orders. 337 U.S. at 546, 69 S.Ct. at 1225. Recently, in holding that a pretrial order disqualifying defense counsel in a criminal case may not be reviewed under *Cohen*, the Supreme Court reemphasized that the finality requirement is "the dominant rule in federal appellate practice" to which *Cohen* created a "narrow exception." *Flanagan v. United States*, — U.S. —, 104 S.Ct. 1051, 1055, 1057, 79 L.Ed.2d 288 (1984).

The Commission's order in the instant case does not fall within this "narrow exception," because it does not finally dispose of any claimed right. An appealable collateral order may not be incomplete, informal or tentative, *see Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981); *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. The *Cohen* exception does not apply to decisions that may be reconsidered or revised, *see Firestone*, 449 U.S. at 380–81, 101 S.Ct. at 676–77 (Rehnquist, J., dissenting); *Coopers & Lybrand*, 437 U.S. at 469, 98 S.Ct. at 2458. The OSHRC's order in this case was clearly tentative and incomplete, deferring ruling on the Secretary's motion to withdraw; where the Commission has not yet disposed of the Secretary's motion and no view of the Secretary's authority to withdraw commands a majority, the OSHRC can hardly be said to have

made the final, formal, complete decision that *Cohen* requires.

The Secretary contends, however, that while the Commission's order formally reserves ruling, in effect it conclusively denies the motion to withdraw by instructing the parties to continue the appeal until the merits are considered. Reasoning that the order is thus a *sub rosa* denial of the withdrawal motion, the Secretary argues that this case is controlled by the Sixth Circuit's decision in *Marshall v. OSHRC (IMC Chemical Group Inc.)*, 635 F.2d 544 (6th Cir.1980). In *IMC*, after the employer contested its citation, the Secretary decided not to file a complaint and moved the Commission to vacate the citation. Although the union representing the employees objected to the withdrawal of the citation, the ALJ granted the Secretary's motion, "holding that the Secretary has the absolute and unconditional right to vacate a citation" before a complaint is filed. *Id.* at 546. The Commission vacated the ALJ's decision and remanded the case to him. The court of appeals reviewed the remand order under *Cohen*, holding that "the ruling of the Commission in the present case was a final order with respect to the rights of the Secretary as prosecutor and that the decision of the Commission is ripe for review in the present proceeding." *Id.* at 549. Following *IMC*, several courts of appeals have held that they have jurisdiction under *Cohen* to review an order by the OSHRC refusing to allow the Secretary to dismiss a complaint upon its settlement until objections by the employees' union are considered. *See, e.g., Donovan v. Industrial Union, Allied Industrial Workers*, 722 F.2d 1415 (8th Cir.1983); *Donovan v. Oil, Chemical, and Atomic Workers International Union*, 718 F.2d 1341 (5th Cir.1983), cert. denied, 52 U.S.L.W. 3819 (U.S May 15, 1984.) *Donovan v. OSHRC*, 713 F.2d 918 (2d Cir.1983); *Marshall v. Oil, Chemical and Atomic Workers International Union*, 647 F.2d 383 (3d Cir.1981).

■ In each of these cases the Commission issued some order that conclusively denied the Secretary's claimed right to withdraw at his absolute discretion. In contrast, the Commission in the present case has not resolved that question and may still grant the Secretary's motion to withdraw on the grounds of his discretionary authority. The Commission's order does require the Secretary to continue the process of litigation, including filing a brief, pending resolution of the question of the Secretary's authority to withdraw. The Secretary cannot claim, however, that the order therefore finally denies him some general right to be free of litigation. No such general right exists; "the expense and annoyance of litigation is 'part of the social burden of living under government'." *Federal Trade Commission v. Standard Oil Co.*, 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980), quoting *Petroleum Exploration, Inc. v. Public Service Commission*, 304 U.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294 (1938). In cases such as those discussed above, OSHRC remand orders were found reviewable under *Cohen* because they conclusively denied that the Secretary had the authority to withdraw at his discretion; a similar order that merely imposed the burden of continuing litigation on a party cannot be reviewed under *Cohen*, since it does not fully determine a collateral claim of right. *See Engelhard Industries, Division of Engelhard Corp. v. OSHRC*, 713 F.2d 45, 48 (3d Cir. 1983).

In the present case, the Commission's order to continue litigation pending a ruling does not finally determine the Secretary's claimed right to withdraw. It merely postpones decision on that issue. "It is fatal to appealability under *Cohen* if even one of the three requirements is not met." *Yakowicz v. Pennsylvania*, 683 F.2d 778, 783 (3d Cir.1982). Since the order of the OSHRC does not conclusively dispose of the Secretary's claim, it does not qualify for review under the narrow exception to the finality rule established in *Cohen*. Accordingly, we find that we lack jurisdiction to hear this case, and dismiss the petition for review.