866 F.2d 153
 CANADA COAL COMPANY & Old Republic Companies (87-3743),
United Coal Company & Travelers Insurance Company
(87-3744), Wolf Creek Collieries, Inc. &
K. Kiser Coal Company
(87-3972), Petitioners,
v.
Bonnie STILTNER (87-3743), Rabon Reed (87-3744), Willard
Slone and Charlie Jones (87-3972), and Director,
Office of Workers' Compensation
Programs, United States
Department of Labor,
Respondents.
 Nos. 87-3743, 87-3744 and 87-3972.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 21, 1988.
Decided Jan. 13, 1989.
 
 Laura Metcoff Klaus, Mark E. Solomons (argued), Arter & Hadden, Washington, D.C., for petitioners.
 Rae Ellen Frank James, Office of the Solicitor, U.S. Dept. of Labor, Thomas L. Holzman, Priscilla A. Schwab (argued) Sylvia T. Kaser, Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for respondents.
 Herman Lester Combs & Lester, Pikeville, Ky., for Reed.
 Paul O. Deaton, Paintsville, Ky., for Slone.
 Lawrence Webster, Pikeville, Ky., for Jones.
 Before JONES and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 CONTIE, Senior Circuit Judge.
 
 
 1
 Canada Coal Company, Old Republic Companies, United Coal Company, Travelers Insurance Company, Wolf Creek Collieries, Inc., and K. Kiser Coal Company petition this court for review of decisions of the Benefits Review Board. For the following reasons, we dismiss the petitions.
 
 I.
 
 2
 Kentucky Revised Statutes Annotated Sec. 342.800 (Baldwin 1985), provides that anyone who files a claim under Kentucky Workers' Compensation Law for coal workers' pneumoconiosis or silicosis benefits must also file and pursue in good faith a claim under the federal Black Lung Benefits Act and that awards made pursuant to the federal act decrease benefits payable under Kentucky law after July 15, 1980.[1] A letter dated January 18, 1985 from the principal attorney at the Kentucky Workers' Compensation Board indicated that Kentucky law's requirement of good faith pursuit of a federal claim was satisfied by filing a claim and submitting appropriate evidence. This letter added that good faith pursuit did not require adjudication beyond the level of Deputy Commissioner. However, in a letter dated August 16, 1986, the Director of the Kentucky Workers' Compensation Board disavowed this approach, stating that the determination of whether a claim had been pursued in good faith would be made on a case by case basis. Since that time the state board has followed this procedure of determining good faith pursuit in individual cases.
 
 
 3
 Additionally, payments under the federal act are reduced by an amount equal to any payment received by the claimant under the workmen's compensation laws of his state on account of death or disability due to pneumoconiosis. 30 U.S.C. Secs. 922(b); 932(g). See 20 C.F.R. Secs. 725.533(a)(1); 725.535(b). In many cases, Kentucky Workers' Compensation benefits totally offset benefit payments under the federal act.[2] Petitioners represent that the maximum Kentucky monthly benefits compared to the range of monthly federal benefits in the years 1979 to 1982 as follows:
 
 
 4
 KENTUCKY (cap) FEDERAL (range)
1979 $ 523.93 $232.00 $463.90
1980 567.23 (first half) 254.00 508.00
 939.57 (second half)
1981 1,010.02 279.80 559.80
1982 1,101.25 293.20 586.40
 
 
 5
 The interaction of these state and federal provisions creates the circumstances which have caused contention between petitioners and respondent.
 
 
 6
 Bonnie Stiltner, Rabon Reed, Willard Slone, and Charles Jones filed claims for benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq., which were denied administratively. At the time the federal claims were filed, each claimant already received black lung benefits pursuant to Kentucky Workers' Compensation Law, Ky.Rev.Stat.Ann. Sec. 342.0011 et seq., which would offset an award of black lung benefits granted under the federal act.
 
 
 7
 Therefore, at the Administrative Law Judge (ALJ) stage of the proceedings, each consented to an agreed order of conditional dismissal, subject to reopening only if the Kentucky authorities required more diligent pursuit of the federal claim. Although a party in each case, the Director of the Office of Workers' Compensation Programs did not consent to the entry of these orders; however, in each case, the presiding ALJ entered the conditional dismissal order.
 
 
 8
 The Director appealed, and the cases were consolidated for review by the Benefits Review Board. Pursuant to the Board's order, oral argument was held on March 2, 1987.[3] On June 11, 1987, the Board issued a per curiam decision and order vacating the ALJ's orders of conditional dismissal and remanding the cases for further proceedings. Director, OWCP v. Reed, No. 86-990 (Ben. Rev. Bd. June 11, 1987) (per curiam). The Board reasoned that the ALJ's orders were invalid because they lacked judicial finality.
 
 
 9
 These petitions followed, and the cases were once again consolidated for review by this court. Petitioners argue that the ALJ's orders granting conditional dismissal are within the scope of his authority. Respondent argues that the Board's decision and order is not appealable, and that, therefore, these petitions must be dismissed. We address respondent's argument first.
 
 II.
 
 10
 "Any person adversely influenced or aggrieved by a final order of the [Benefits Review] Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred." 33 U.S.C. Sec. 921(c), incorporated into 30 U.S.C. Sec. 932(a) (emphasis added). See Director, OWCP v. Eastern Coal Corp., 561 F.2d 632, 635-39 (6th Cir.1977). "Courts uniformly agree that the finality requirement in section 921(c) follows the same contours as the finality requirement in 28 U.S.C. Sec. 1291." Youghiogheny & Ohio Coal Co. v. Baker, 815 F.2d 422, 424 n. 2 (6th Cir.1987).
 
 
 11
 Ordinarily, an appeal to this court must be taken from a final decision within the meaning of section 1291, the largest grant of jurisdiction to the courts of appeals. Cf. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (which allows some appeals under section 1291 prior to a final judgment). Thus, this court's jurisdiction "generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).
 
 
 12
 In Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981), the Supreme Court identified important purposes of this rule, which is commonly called the final judgment rule:
 
 
 13
 It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of 'avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.' The rule also serves the important purpose of promoting efficient judicial administration.
 
 
 14
 (Citations omitted). See also Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 380, 107 S.Ct. 1177, 1184, 94 L.Ed.2d 389 (1987).
 
 
 15
 The Supreme Court has identified similar purposes of the final judgment rule in an agency context. For example, in FTC v. Standard Oil Co., 449 U.S. 232, 242, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1980), the Court recognized that "[j]udicial intervention into the agency process denies the agency an opportunity to correct its own mistakes and to apply its expertise," and that "[i]ntervention also leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary." In recognition of these purposes, this court has held that "ordinarily a remand to an administrative agency is not a final order." Director, OWCP v. Brodka, 643 F.2d 159, 161 (3rd Cir.1981).
 
 
 16
 In the instant cases, the Director argues that the Board's order of remand is non-final. Petitioners do not seriously counter this argument. Courts, including this court, have generally held that a Board order which remands a case to an ALJ for further findings is not reviewable. See, e.g., Brodka, 643 F.2d at 161-63; Redden v. Director, OWCP, 825 F.2d 337, 338 (11th Cir.1987); Youghiogheny & Ohio Coal Co., 815 F.2d at 424-25.
 
 
 17
 Petitioners argue that the Board's order falls within the collateral order exception to the finality rule first recognized in Cohen. As we have indicated above, Cohen recognized a "small class" of decisions that are appealable pursuant to section 1291 even though they do not terminate the underlying litigation. Cohen, 337 U.S. at 546, 69 S.Ct. at 1225. Since Cohen, the Supreme Court has articulated a three-pronged test to determine whether an order that does not finally resolve a litigation is nonetheless appealable under section 1291.
 
 
 18
 First, the order must 'conclusively determine the disputed question.' Second, the order must 'resolve an important issue completely separate from the merits of the action.' Third and finally, the order must be 'effectively unreviewable on appeal from a final judgment.'
 
 
 19
 Gulfstream Aerospace Corp. v. Mayacamas Corp., --- U.S. ----, 108 S.Ct. 1133, 1136-37, 99 L.Ed.2d 296 (1988) (citations omitted).
 
 
 20
 The Director concedes that the first two requirements of the collateral order exception are probably met. The Director persuasively argues, however, that the third requirement of the collateral order exception is not met in these cases. This court has recognized that " '[i]t is fatal to appealability under Cohen if even one of the three requirements is not met.' " Donovan v. United Steelworkers, Local 2243, 731 F.2d 345, 348 (6th Cir.1984) (quoting Yakowicz v. Pennsylvania, 683 F.2d 778, 783 (3d Cir.1982)). We agree with respondent that the order in the instant cases does not meet the third requirement of the collateral order exception.
 
 
 21
 The Board's order in the instant cases is not effectively unreviewable on appeals from final judgments. A decision on remand granting or denying benefits may be appealed by an aggrieved party to the Board and subsequently to this court. At that time, the parties may address the issue of the validity of the conditional dismissals. Thus, the third prong of the Cohen test has not been satisfied.
 
 
 22
 Petitioners argue that the parties may not have incentive to argue this issue on appeal from a final decision on the merits or that the issue may become moot if they prevail in the adjudication on the merits. We are not persuaded by this argument.
 
 
 23
 In Standard Oil Co., supra, Standard Oil Company of California (Socal) challenged a complaint filed against it by the Federal Trade Commission (FTC), alleging violation of the Federal Trade Commission Act. Socal alleged that the FTC had issued its complaint without having reason to believe that Socal was violating the Act, and sought an order declaring the complaint unlawful and requiring that it be withdrawn. In that case, the opinion of the court of appeals suggested that the complaint would be insulated from review because the alleged unlawfulness of the complaint would become moot if Socal prevailed in the adjudication. The Supreme Court rejected this suggestion, reasoning as follows: "[O]ne of the principal reasons to await the termination of agency proceedings is to 'obviate all occasion for judicial review.' Thus, the possibility that Socal's challenge may be mooted in adjudication warrants the requirement that Socal pursue adjudication, not shortcut it." Standard Oil Co., 449 U.S. at 244 n. 11, 101 S.Ct. at 495 n. 11. The reasoning in Standard Oil Co. applies with equal force to the instant case.
 
 
 24
 In light of our holding that we have no appellate jurisdiction over these cases, we need not address petitioners' argument that the ALJ's orders granting conditional dismissal are within the scope of his authority. Accordingly, we express no opinion on that issue.
 
 
 25
 For the foregoing reasons, the petitions for review are DISMISSED.
 
 
 
 [1]
 Section 342.800 provides in full as follows:
 Acts 1980, ch. 104 and the other sections of [Kentucky Revised Statutes (KR8) ] Chapter 342, shall be effective on July 15, 1980 for all claims based upon an injury or last exposure which occurs on or after that date; provided, however that in the event the federal [Black Lung Benefits Act] provides that claims covered by the provisions of KRS Chapter 342 may also be filed with a federal agency, then, in that event, the increase in benefits provided by Acts 1980, ch. 104 shall not apply to any individual claim under KRS Chapter 342, if benefits are awarded to and are received by that particular claimant under such federal law. For those claims, the benefits under this chapter shall be sixty-six and two-thirds percent (66 2/3) of the employe's average weekly wage but not more than seventy-five percent (75%) of the average weekly wage of the state as determined in KRS 342.740. Anyone who filed a claim under this chapter for coal-workers pneumoconiosis or silicosis benefits must also file and pursue in good faith a claim under the federal Coal Mine Health and Safety Act.
 
 
 [2]
 Total workers' compensation benefits in Kentucky for claimants not entitled to and receiving federal benefits are sixty-six and two-thirds percent of the employee's average weekly wage, capped at one hundred percent of the state average weekly wage. Ky.Rev.Stat.Ann. Sec. 342.730. Basic federal black lung benefits are set at thirty-seven and one-half percent of the monthly pay for federal employees in General Schedule-2, Step 1. 20 C.F.R. Sec. 725.520(c)(3)
 
 
 [3]
 The Director's counsel represented that at that time there were 719 cases presenting the same issue as that involved in the instant case