897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice THOMPSON, Petitioner (90-3033) Cross-Respondent (90-3055)
v.
PADUCAH MARINE WAYS; Respondent (90-3033) Cross-Petitioner (90-3055)
Midland Insurance Company; Director, Officer of Workers'
Compensation Programs, United States Department of
Labor, Respondents
 Nos. 90-3033, 90-3055.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1990.
 
 Before WELLFORD and DAVID R. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The claimant and the employer in this claim for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq., separately petition for review of a Benefits Review Board (Board) order vacating the administrative law judge's decision and remanding for a redetermination of the claimant's average weekly wage and for further findings relating to the employer's liability for medical treatment. An order to show cause why these appeals should not be dismissed for lack of jurisdiction was entered on February 14, 1990. The Director, Office of Workers' Compensation Programs, also moves for dismissal of these petitions for review on grounds the order being appealed is not final. The claimant and employer have filed separate responses in opposition.
 
 
 2
 Appeal may be taken by "[a]ny person adversely affected or aggrieved by a final order of the Board...." 33 U.S.C. Sec. 921(c). The finality requirement in Sec. 921(c) follows the same contours as the finality requirement in 28 U.S.C. Sec. 1291. Youghiogheny & Ohio Coal Co. v. Baker, 815 F.2d 422, 424 n. 2 (6th Cir.1987). Accordingly, orders of remand to an administrative law judge generally have been found to be nonappealable. Canada Coal Co. v. Stiltner, 866 F.2d 153 (6th Cir.1989); see also Washington Metropo. Area Transit Auth. v. Director, OWCP, 824 F.2d 94 (D.C.Cir.1987) (per curiam); Jackson Shipyards, Inc. v. Estate of Verderane, 729 F.2d 726 (11th Cir.1984) (per curiam); Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399 (5th Cir.), (en banc), cert. denied, 469 U.S. 818 (1984). A remand for determination of matters which are solely ministerial may be immediately appealable. See Youghiogheny, 815 F.2d at 424. However, upon review and consideration we conclude that the administrative law judge has been directed by the Board to make findings which are more than ministerial. Accordingly, the Board's order is not a final, appealable order.
 
 
 3
 It is therefore ORDERED that the motion to dismiss is granted. These petitions for review are dismissed for lack of jurisdiction.