Richard N. SCHUCK, Plaintiff–Appellee,

v.

Anthony M. FRANK, Postmaster General;
and United States Postal Service,
Defendants–Appellants.

No. 93–3103.

United States Court of Appeals,
Sixth Circuit.

Submitted March 10, 1994.

Decided April 19, 1994.*

---

* This decision was originally issued as an "unpublished decision" filed on April 19, 1994. On June 7, 1994, the court designated the opinion as one recommended for full-text publication.

Richard N. Schuck, Harrison, OH (briefed), for plaintiff-appellee.

Gerald L. Kaminski, Asst. U.S. Atty., Cincinnati, OH, Alice L. Covington, U.S. Postal Service, Law Dept., Washington, DC, Edward Himmelfarb (briefed), U.S. Dept. of Justice, Civ. Div. Appellate Staff, Washington, DC, Marleigh D. Dover, U.S. Dept. of Justice, Washington, DC, Michael Propst, Office of Field Legal Services, U.S. Postal Service, Philadelphia, PA, for defendants-appellants.

Before: KENNEDY and MILBURN, Circuit Judges; and LIVELY, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Defendants, the Postmaster General and the United States Postal Service, appeal the decision of the District Court remanding this case to the Merit Systems Protection Board ("MSPB") for further consideration of the removal penalty imposed on plaintiff, Richard Schuck, for selling a controlled substance to a co-worker. For the reasons stated, we vacate the District Court's decision and remand for further proceedings consistent with this opinion.

## I.

In June 1988, the United States Postal Service removed eight employees, including plaintiff, after concluding an undercover investigation into the sale and use of drugs at the Cincinnati Post Office. Plaintiff was removed from his position as a letter sorting machine clerk because he sold a vial of diazepam (valium) tablets for $20 to a co-worker, Deborah Northcutt, who was working as a confidential informant with the Postal Inspection Service. Diazepam is a depressant classified as a Schedule IV controlled substance. 21 C.F.R. § 1308.14(c).

Plaintiff appealed his removal to the MSPB, claiming that he did not sell the valium to Northcutt and that his removal (1) was in retaliation for filing numerous grievances against the Postal Service, one EEO complaint, and two appeals with the MSPB, and (2) constituted discrimination on the basis of a handicap. In the alternative, plaintiff claimed that the penalty of removal was excessive in light of his work history. Following a hearing, Administrative Law Judge Howard Ansorge ("ALJ") affirmed plaintiff's removal. Plaintiff then appealed this decision to the full MSPB. On October 18, 1989, the full MSPB denied review and the initial decision of the ALJ became the final decision of the Board.

Plaintiff appealed the MSPB's denial of his discrimination claim to the Equal Employment Opportunity Commission, which concurred in the MSPB's finding that there had been no reprisal or handicap discrimination in plaintiff's removal. Plaintiff then filed a *pro se* petition for review in the District

Court. The defendants moved for summary judgment on all counts and the District Court granted summary judgment for the defendants on plaintiff's handicap discrimination claim but denied summary judgment on the plaintiff's reprisal claim and on the claim that the removal penalty was excessive.

After trial, the District Court dismissed the plaintiff's claim of reprisal but reversed the MSPB's decision to the extent it upheld the penalty of removal and remanded the case to the MSPB for consideration of the appropriateness of the removal penalty in light of certain mitigating factors. Defendants now appeal the District Court's decision to the extent it reversed the penalty of removal and remanded the case to the MSPB.

## II.

■ Initially, we must determine whether the District Court's decision to remand is an appealable order. Under 28 U.S.C. § 1291, an appeals court has jurisdiction of appeals from all "final decisions" of a district court. Ordinarily an order remanding for further administrative proceedings is not a final order which is immediately appealable. *See Canada Coal Co. v. Stiltner,* 866 F.2d 153, 156 (6th Cir.1989).

Defendants argue, based on case law from other circuits, that we should recognize an exception to this general rule. Specifically, defendants argue that this Court should exercise jurisdiction over an order remanding for further administrative proceedings when defendants would not be able to challenge the *legal basis* for the remand if appellate review was denied.

To support their argument, defendants rely on *Occidental Petroleum Corp. v. SEC,* 873 F.2d 325 (D.C.Cir.1989). Occidental sought to prevent the release of documents obtained during a 1977 Securities and Exchange Commission ("SEC") investigation. Under the Administrative Procedures Act, the District Court found the record inadequate for review and remanded the case to the SEC for further proceedings. *Id.* at 328. The SEC appealed arguing that the District Court erroneously ruled that the SEC had to follow specified procedures on remand, which were not required by law.

The *Occidental* court concluded that the District Court order remanding to the SEC was an appealable order. Although recognizing the general rule that a remand order is not a final, appealable order, the court also recognized an exception where "the agency to which the case is remanded seeks to appeal and it would have no opportunity to appeal after the proceedings on remand." *Id.* at 330. The court reasoned, "when a district court directs an agency to proceed under a certain legal standard, the agency has no choice but to conduct its proceedings and to render its decision pursuant to that standard. Unless another party appeals that decision, the correctness of the district court's legal ruling will never be reviewed by the court of appeals, notwithstanding the agency's conviction that the ruling is erroneous." *Id.; see also Travis v. Sullivan,* 985 F.2d 919 (7th Cir.1993); *AJA Associates v. Army Corps of Engineers,* 817 F.2d 1070, 1073 (3d Cir.1987).

■ We find this reasoning persuasive in the case *sub judice* and conclude that we have jurisdiction over this appeal. As we discuss more fully below, the District Court remanded to the MSPB for reconsideration of the removal penalty in light of certain mitigating factors. The District Court listed several ways in which the ALJ failed to consider the appropriate mitigating factors under *Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280 (1981). Among other reasons, the District Court decided to remand because the ALJ failed to consider that the evidence against plaintiff was weak and failed to consider that plaintiff sold a prescription drug rather than an illegal drug.

Defendants argue, inter alia, that these are not relevant mitigating factors under *Douglas.* Further, defendants argue that if defendants are not permitted to appeal the District Court's order now, they will be bound to proceed under the District Court's legal conclusions on remand. Also, defendants argue that they will be unable to appeal after the proceedings on remand. On remand, the Board may either conclude that the removal penalty imposed was appropriate in light of

the mitigating factors or it was not. Regardless of the outcome on remand to the Merit Systems Protection Board, defendants may not appeal the order of the Merit Systems Protection Board. *See* 5 U.S.C. §§ 7703(a)(1), 7703(d).

■ We agree with defendants and conclude that we have jurisdiction to consider this appeal. In cases where the district court's remand order directs the agency to proceed under a certain legal conclusion and the agency to which the case is remanded would have no opportunity to appeal after remand, we recognize an exception to the general rule that orders remanding a case to administrative agencies for further proceedings are not final orders.[1]

### III.

■ We review the District Court's decision *de novo*, applying the appropriate standard of review to the agency's decision. The appropriate standard of review for a penalty determination is an abuse of discretion standard. Indeed, deference is appropriate "un-

less the penalty is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" *Parker v. United States Postal Serv.*, 819 F.2d 1113, 1116 (Fed.Cir.1987) (quoting *Villela v. Department of the Air Force*, 727 F.2d 1574, 1576 (Fed.Cir.1984), quoting *Power v. United States*, 209 Ct.Cl. 126, 531 F.2d 505, 507 (1976)).

### IV.

■ In the District Court, plaintiff claimed that the ALJ abused his discretion in upholding the agency's decision to remove plaintiff. The District Court agreed reasoning that the ALJ had abused his discretion in upholding the penalty of removal because he failed to consider the appropriate mitigating factors under *Douglas*.[2]

First, the District Court concluded that the ALJ abused his discretion because he failed to consider that the evidence against plaintiff was weak. Specifically, the District Court reasoned that there was no physical

---

1. Typically, an appeals court should limit its review to issues decided by the district court which come within the purview of the exception we recognize today. However, we will review all issues raised in this appeal because it is an exceptional case. The remaining issues do not require additional factual development and they have been fully briefed by the parties. Additionally, review at this stage will materially advance the progress of this litigation. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993); *Pinney Dock and Transport Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir.), *cert. denied*, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988).

2. The relevant factors for considering the appropriateness of a penalty include, but are not limited to:

   (1) the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated;
   (2) the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position;
   (3) the employee's past disciplinary record;
   (4) the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability;

   (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties;
   (6) consistency of the penalty with those imposed upon other employees for the same or similar offense;
   (7) consistency of the penalty with any applicable agency table of penalties;
   (8) the notoriety of the offense or its impact upon the reputation of the agency;
   (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question;
   (10) potential for the employee's rehabilitation;
   (11) mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter; and
   (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.

   *Id.* 5 M.S.P.R. at 305.

   Additionally, "[n]ot all of these factors will be pertinent in every case, and frequently in the individual case some of the pertinent factors will weigh in the appellant's favor while others may not or may even constitute aggravating circumstances." *Id.*

evidence linking plaintiff to the pills except for the informant's testimony. Also, "[a]lthough the Administrative Law Judge found [the informant] credible, his finding was based on his belief that she had no disciplinary record and that no discipline was pending against her while she was an informant." However, based on evidence produced in a related arbitration and before the District Court, the District Court concluded that the informant was subject to discipline while she was an informant.

While the *Douglas* factors are not exhaustive, defendants contend that the weight of the evidence does not constitute a relevant mitigating factor. We agree. The weight of the evidence establishes whether the alleged inappropriate action occurred, it does not affect the determination of the appropriate penalty. Thus, an ALJ does not abuse his or her discretion by failing to consider the weight of the evidence in upholding the removal penalty.

■ Next, the District Court concluded that the ALJ abused his discretion because he failed to consider that plaintiff sold valium, a prescription drug, rather than an illegal drug. The District Court concluded this was a mitigating factor because valium has a low potential for abuse and does not raise the same widespread concerns that illegal drugs do. To the extent that the District Court required the ALJ to mitigate the penalty because valium enters the stream of commerce legally, we believe the District Court erred. Although valium is a prescription drug, it is still a controlled substance and criminal penalties apply to unauthorized transactions in it. *See* 21 U.S.C. § 841 *et seq.* Additionally, it seems unlikely that the ALJ failed to consider the nature of the drug since its nature is at the focus of the offense. However, if the ALJ in fact did not consider it, he may consider it on remand, but need not necessarily reduce the penalty. Thus, we do not consider the fact that the drug sale involved prescription drugs, rather than narcotics, a relevant mitigating factor and the ALJ did not abuse his discretion by failing to consider it.

■ Next, the District Court concluded that the ALJ abused his discretion by failing

to consider that the transaction involved a small financial gain. Defendants argue that the ALJ's penalty decision considers this factor implicitly as the ALJ noted that the sale involved 20 pills for $20 in its factual description of the case. Financial gain is one of the relevant factors listed in *Douglas* and the ALJ's analysis of the mitigating factors contains no reference to the financial gain involved in the transaction. We agree that the ALJ abused his discretion by failing to consider this factor.

■ The District Court also concluded that the ALJ abused his discretion by failing to consider that plaintiff's position at the post office was low-profile and therefore the deterrent value of the investigation's publicity would not be affected by imposing a lesser penalty on plaintiff. Defendants argue that the ALJ's decision specifically addressed the local publicity surrounding the drug investigation and therefore remand for consideration of this factor is not necessary. We agree with defendants. The ALJ's decision specifically referred to the publicity surrounding the arrest of the eight postal employees and therefore implicitly rejected the argument that the punishment should be mitigated simply because plaintiff was a low-profile employee and only one of eight fired.

■ The District Court next concluded that the ALJ abused his discretion because he failed to consider that the charged conduct did not affect plaintiff's ability to perform his job. We agree. *Douglas* clearly states that the effect of the offense on the employee's ability to perform is a relevant factor in a penalty determination and the ALJ's decision did not refer to this factor. Thus, the District Court correctly concluded that the ALJ abused his discretion by failing to consider this factor.

■ Finally, the District Court concluded that the ALJ abused his discretion by failing to consider that plaintiff engaged in the conduct underlying the offense only once and he was unlikely to be a repeat offender. Again, *Douglas* states that a relevant factor in determining the penalty is how frequently the offense was repeated. *See* n. 1. However, we

conclude that the ALJ's decision explicitly addressed this factor. The ALJ stated, "[t]he appellant has been employed by the Postal Service since 1982 and has no past disciplinary record. Yet, notwithstanding his clean record, the appellant's act of selling drugs to another employee is a serious offense.... The appellant's intentional conduct involved at least two contacts between the appellant and the confidential informant." Thus, the District Court erroneously concluded that the ALJ did not consider this factor.

## V.

The judgment of the District Court is **VACATED** and the action is **REMANDED** to the District Court for further proceedings consistent with this opinion.