**NATIONAL AIR TRAFFIC CONTROL-LERS ASSOCIATION, AFL–CIO, et al., Plaintiffs–Appellants,**

v.

**SECRETARY OF THE DEPART-MENT OF TRANSPORTATION, et al., Defendants–Appellees.**

No. 00–4035.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2002.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

PER CURIAM.

The National Air Traffic Controllers Association, AFL–CIO (NATCA), originally

brought suit in 1994 challenging the Federal Aviation Administration's decision to privatize air traffic control operations at small airports across the country. The gravamen of NATCA's complaint at that time was the agency's failure to follow proper procedures, namely OMB Circular A–76, prior to instituting the privatization program. Circular A–76 requires administrative agencies to retain control over duties that are "inherently government functions" and to undergo a market study and bidding procedure on those activities that are "commercial." In the original case, the district court held that the FAA had in fact violated the requirements of A–76, and, accordingly, it remanded the case back to the FAA to undergo the necessary study in order to comply.

After the resulting report was completed, NATCA filed this second action, alleging that the FAA had failed to follow the district court's mandate. The same district judge held that the FAA's "study" was insufficient, and she again remanded the case to the FAA for further study and ordered compliance with Circular A–76.

NATCA now appeals the second remand, arguing that they were entitled to: (1) summary judgment on the "lawlessness" of the FAA's privatization scheme and (2) a court order voiding the privatization contracts entered by the FAA. NATCA argues that the FAA's repeated statements about the governmental nature of air traffic control preclude the FAA from a decision post hoc that privatization is still appropriate under A–76. NATCA has also supplied us with an Executive Order issued on December 7, 2000, to demonstrate that air traffic control is "inherently governmental" in nature. Accordingly, NATCA urges us to find the FAA's actions unlawful and to order that the facilities that have been privatized be placed back under government control.

Although NATCA's evident frustration with the shifting position of the FAA regarding the privatization scheme is understandable, we conclude that the district court's decision to remand this matter to the FAA is the most appropriate course of action, for the reasons set out in the court's memorandum opinions filed April 12, 2000, and June 25, 2000. There are important questions remaining from the original case that warrant response by administrative experts and that would make any decision by this court on the factual merits of the case especially difficult. As did the district judge, we emphasize the pressing need for the agency to complete a full A–76 analysis, including air towers that handle limited instruments flight rating air traffic, as well as documented justification for any decision to continue with privatization. Moreover, because the order to comply with A–76 has now been pending for almost two years, without evidence results, we remand this matter to the district court and direct the filing of a status report by the FAA in that forum within 30 days of the date of this order. We further direct the district court to set a reasonable time limit on the production of the final A–76 study.

For the reasons set out above, the judgment of the district court is AFFIRMED, and the case is remanded for further proceedings in conformity with this order.