NOT FOR PUBLICATION
File Name: 07a0530n.06
Filed: July 26, 2007

NO. 06-3466

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

NATIONAL AIR TRAFFIC CONTROLLERS
ASSOCIATION, MEBA, AFL-CIO; DAVID
CLINKSCALE; MARGARET GRAHAM;
DAVID M. KHANOYAN,

                **Planitiffs-Appellants,**

v.

SECRETARY OF THE DEPARTMENT OF
TRANSPORTATION; JANE GARVEY,
Administrator Federal Aviation Administration,

                **Defendants-Appellees.**

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

BEFORE:    SUHRHEINRICH and GIBBONS, Circuit Judges; and HEYBURN, District Judge.[*]

     **PER CURIAM.** This longstanding litigation involves the Federal Aviation Administration's

FAA's privatization of certain air traffic control functions.[1]     Plaintiffs-

---

[*]The Honorable John G. Heyburn, II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

[1]On March 18, 1994, NATCA and two individual air traffic controllers brought suit against the Secretary of DOT (then Frederico Pena) and the FAA, alleging that Defendants violated OMB Circular A-76 and two statutory schemes which established the OMB and its Office of Federal Procurement Policy, specifically the Budget and Accounting Act of 1921, 31 U.S.C. § 101 *et seq.*, and the Office of Federal Procurement Policy Act Amendments of 1979 (OFPPAA), 41 U.S.C. § 401. On November 28, 1994, the district court granted the defendants' motion to dismiss for lack of standing. On March 7, 1996, this Court reversed that decision and remanded to the district court for further proceedings. *Nat'l Air Traffic Controllers Ass'n v. Pena,* No. 95-3016 1996 WL 102421 (March 7, 1996) (unpublished).

Appellants National Air Traffic Controllers Association and the AFL-CIO (collectively "NATCA")

appeal the district court's February 23, 2006 order denying their motion for summary judgment and

granting in part the motion of Defendants-Appellees Jane Garvey, Secretary of the Department of

---

On November 8, 1996, the district court ruled that NATCA and the individuals had standing under Article III to bring suit. *Nat'l Air Traffic Controllers Ass'n v. Pena*, 944 F. Supp. 1337 (N.D. Ohio 1996). On March 2, 1998, the district court held that the FAA had failed to make a proper determination regarding the character of the ATC work, as required by Circular A-76, vacated the FAA's privatization program for FAA-operated Level I towers, and remanded to the FAA with instructions to undergo the proper analysis required by Circular A-76. *Nat'l Air Traffic Controllers Ass'n v. Pena*, 997 F. Supp. 874 (N.D. Ohio 1998). Neither side appealed from that decision.

NATCA filed a second lawsuit in 1999, alleging that the FAA had ignored the terms of the district court's remand order and had still not complied with Circular A-76's requirements for privatization of Level I towers. On April 7, 2000, the district court ruled that the FAA's February 1999 A-76 analysis did not provide the proper legal basis for its Level I privatization program, and remanded the case back to the FAA for a second time. *Nat'l Air Traffic Controllers Ass'n v. , Dep't of Transp.*, No. 1:99cv 1152 (N.D. Ohio April 7, 2000). On June 26, 2000, the district court concluded that the FAA had clearly failed to comply with the dictates of Circular A-76. *Nat'l Air Traffic Controllers Ass'n v. Sec'y, Dep't of Transp.*, No. 1:99cv1152 (N.D. Ohio June 26, 2000). The court remanded to the FAA for a second time. However, the court declined to issue an injunction ordering the FAA to terminate the contracts it had already in place.

NATCA appealed the district court's June 26, 2000 decision, arguing that the district court erred by failing to order the FAA to discontinue the Level I privatization program and to terminate the underlying contracts with the private operators. This Court affirmed the district court, but "emphasiz[ed] the pressing need for the agency to complete a full A-76 analysis, including air towers that handle limited instruments flight rating air traffic, as well as documented justification for any decision to continue with privatization." *Nat'l Air Traffic Controllers Ass'n v. Sec'y, Dep't of Transp.*, 29 F. App'x 270, 271 (6th Cir. 2002) (per curiam) (unpublished). Further, "because the order to comply with A-76 has now been pending for almost two years, without evident results," we directed the filing of a status report by the FAA in the district court within thirty days, and further directed the district court to set a reasonable time limit on the production of the final A-76 study. *Id.*

On December 20, 2002, the FAA filed a motion for summary judgment, and NATCA filed a cross-motion for summary judgment. On February 4, 2005, the district court granted the FAA's motion in part and denied it in part. On February 23, 2006, the district court issued another decision, denying NATCA's motion for summary judgment and granting the FAA's cross-motion for summary judgment in part and denying it in part and remanding to the FAA to complete "a new A-76 analysis of the privatization program."

-2-

Transportation (DOT), and the Federal Aviation Administration (collectively "FAA"), and the district court's February 4, 2005 order granting in part the FAA's motion for summary judgment. NATCA claims the district court erred: (1) in determining that Congress's 2003 amendment to 49 U.S.C. § 47124 foreclosed NATCA from legally challenging the FAA's 1993 "Level I" privatization program; (2) in concluding that NATCA lacked standing under the Administrative Procedures Act ("APA"), 5 U.S. C. § 701 *et seq.*, to challenge the FAA's failure to comply with the cost comparison requirements of Office of Management and Budget ("OMB") Circular A-76 ("Circular A-76"); and (3) in not ordering the FAA's 1993 "Level I" privatization program be "set aside" given the FAA's repeated failure to comply with Circular A-76.

During oral argument the panel directed the parties to file letter briefs addressing this Court's jurisdiction over the present appeal. Upon review of those briefs and the applicable law, we conclude that we lack appellate jurisdiction.

## I.

As noted, NATCA presently seeks appeal of two orders. In the February 4, 2005 order, the district court ruled that under the 2003 amendment to 49 U.S.C. § 47124(b), all Level I ATC towers are, as a matter of law, not "inherently governmental" and can therefore be lawfully privatized. Although this aspect of the order disposed of a central legal question in the case, at the same time, the February 4, 2005 order also granted in part and denied in part the parties' pending motions for summary judgment and directed the filing of supplemental summary judgment motions regarding outstanding issues. The order expressly states that it is "not a final and appealable order."

In its February 23, 2006 order, the district court denied NATCA's motion for summary judgment, and granted in part and denied in part the FAA's cross-motion for summary judgment.

-3-

First, the district court held that NATCA lacked prudential standing to the extent they sought to challenge the underlying cost basis for the challenged contracting-out determination, pursuant to this Court's decision in *Courtney v. Smith*, 297 F.3d 455 (6th Cir. 2002) (denying government employees' prudential standing to challenge an agency's cost comparison analysis). Second, the court stated:

> In its February 2005 order, this court held that all Level I ATC towers were, as a matter of law, not "inherently governmental" and could therefore be lawfully privatized. At that time, the court did not determine whether any towers scheduled for privatization were non-Level I towers. Nor at this point is the court clear on which towers currently privatized and which towers scheduled to be privatized are still Level I towers, were Level I towers, or when any towers changed from Level I status. . . . As the court has noted previously, even though the FAA has failed, again, to satisfy Circular A-76 in determining the character of the ATC work performed at the towers in the program, it is not the place of the court to make that determination in the first instance. Therefore, the court must deny NATCA's motion for summary judgment.

Further, because "it appear[ed] from evidence produced by NATCA, some towers scheduled for privatization in the program are no longer Level I towers, and other towers currently privatized may not have been Level I towers at the time of their privatization," the court "ha[d] no choice but to remand the matter back to the FAA for a determination pursuant to Circular A-76 regarding the character of the ATC work performed at all towers in the privatization program that either (1) were not Level I at the time they were privatized or (2) would not be Level I now and are scheduled for privatization under the program." Finally, the district court declined to set aside any existing FAA contractual arrangements and ordered the FAA on remand to complete "a new A-76 analysis of the privatization program." Unlike the February 4 order, however, the February 23 order stated that "was final and appealable."

NATCA then brought this appeal.

**II.**

Although the February 23 order states that it is a final appealable order, this Court is not bound by that label. *See Sullivan v. Finkelstein*, 496 U.S. 617, 628 n.7 (1990) (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976)). Indeed, this Court has an independent obligation to determine whether it has jurisdiction over an appeal. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 1244 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *Kusens v. Pascal Co.*, 448 F.3d 349, 359 (6th Cir. 2006). This Court's failure to address the jurisdictional issue in a prior appeal is not dispositive. *See Hagans v. Lavine*, 415 U.S. 528, 533 n.5 (1974) (stating that "when questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us"); *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 837 (6th Cir. 2001) (same).

A federal court of appeals has jurisdiction from "all *final decisions* of district courts." 28 U.S.C. § 1291 (emphasis added). Under the final judgment rule, it is axiomatic that courts of appeals lack jurisdiction to review a district court's order unless the order constitutes a "final judgment." *See In re Yousif*, 201 F.3d 774, 776 (6th Cir. 2000). In general, an order remanding for further administrative proceedings is not a final order which is immediately appealable. *Schuck v. Frank*, 27 F.3d 194, 196 (6th Cir. 1994); *see also Cissell Mfg. Co. v. U.S. Dep't of Labor*, 101 F.3d 1132, 1136 (6th Cir. 1996) ("It is well settled that when an agency makes an error of law in its administrative proceedings, a reviewing court should remand the case to the agency so that the agency may take further action consistent with the correct legal standards."). This Court recognizes an exception in cases where the district court's remand order "directs the agency to proceed under

-5-

a certain legal conclusion and the agency to which the case is remanded would have no opportunity to appeal after remand." *Shuck*, 27 F.3d at 197; *see also Alsea Valley Alliance v. Dep't of Commerce*, 358 F.3d 1181, 1184 (9th Cir. 2004); *Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d 113, 118 (3d Cir. 1999); *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325 (D.C. Cir. 1989). The basic reasoning behind the rule is as follows: "[W]hen a district court directs an agency to proceed under a certain legal standard, the agency has no choice but to conduct its proceedings and to render its decision pursuant to that standard. Unless another party appeals that decision, the correctness of the district court's legal ruling will never be reviewed by the court of appeals, notwithstanding the agency's conviction that the ruling is erroneous." *Occidental Petroleum*, 873 F.3d at 330; *see also Shuck,* 27 F.3d at 196 (finding this reasoning persuasive). However, this exception applies only when the appellant is the *agency*. *See Alsea Valley*, 358 F.3d at 1184 (noting that "the remand orders we have recognized as satisfying this requirement have been uniform in one respect: all were challenged on appeal by an administrative agency"). And while it is "asymmetrical," because a private party in most instances may not immediately appeal a district court order remanding a case for further agency proceedings, unlike the agency applying a legal standard on remand, a private party is not deprived of an opportunity for review after the remand.

In this case, the appealing party is not the administrative agency, but a private entity which will be able to seek review of the outcome of the remand proceedings. In other words, if NATCA is dissatisfied with the agency's ruling, it will be able to bring suit again in the district court, and if dissatisfied with the district court's ruling, appeal to this Court. Moreover, the FAA will not be deprived of an opportunity to obtain meaningful review if we deny jurisdiction at this juncture. After all, the FAA *prevailed* in the district court on the legal ruling, and is simply subjected to a remand

-6-

for fact findings, under a legal standard it does not dispute. Thus, the FAA is not being required to resolve or apply a legal standard with which it takes issue and for which no appellate review will be available. Thus, the exception is inapplicable in this case and compels the conclusion that we lack jurisdiction at this juncture.[2]

As a final note, we reiterate that while the scope of the remand in this case is limited and narrow, the FAA is principally to blame for the length of this litigation. Given its recalcitrance in prior proceedings in this case, we feel obliged once again to explicitly direct the FAA to finalize this matter quickly and judiciously. It is our sense from oral argument that the FAA would also like to conclude this matter; however, we are powerless to do that until the FAA conducts the proper A-76 analysis.

## III.

For the foregoing reasons, we **DISMISS** the appeal for lack of appellate jurisdiction and **REMAND** for further disposition.

---

[2]*Forney v. Apfel*, 524 U.S. 266 (1998), which held that a social security disability claimant could immediately appeal a district court order denying benefits but remanding to the agency for further proceedings, is inapplicable. The *Forney* Court reasoned that such an appeal "falls within the scope of th[e] jurisdictional grant of 28 U.S.C. § 1291, "because the District Court entered its judgment under the authority of the special 'judicial review' provision of the Social Security Act," 42 U.S.C. § 405(g), which expressly provides that a district court in a social security case may enter a final and reviewable judgment remanding the matter to the agency. *Forney*, 524 U.S. at 269. Thus, *Forney* does not compel a different result. As this Court observed in *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535 (6th Cir. 2004), "[t]he existence of language authorizing appeals from remand orders under the social security laws implies that those orders would not constitute final decisions under 28 U.S.C. § 1291." *Id.* at 538; *see also Kreider*, 190 F.3d at 115, 119-20 (holding that because of specific language in the Social Security Act, *Forney*'s holding does not apply to all district court orders remanding for further administrative proceedings).