**William A. CARROLL, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 01–2877–G/Bre.**

United States District Court,
W.D. Tennessee,
Western Division.

May 29, 2002.

William A. Carroll, Memphis, TN, pro se.

Jason S. Zarin, U.S. Department of Justice, Tax Division, Washington, DC, for U.S.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ORDER DENYING MOTION FOR PROTECTIVE ORDER AS MOOT AND ORDER GRANTING DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES

GIBBONS, District Judge.

Plaintiff, William Carroll, filed a complaint seeking to invalidate the determination by the Internal Revenue Service (IRS) to proceed with collection by levy on the penalty imposed pursuant to 26 U.S.C. § 6702(a). On January 22, 2002, the defendant filed its answer to the complaint. On March 18, 2002, the defendant filed a motion for summary judgment. On March 27, 2002, plaintiff responded to the defendant's motion for judgment. The following undisputed facts appear in the record:

1. On or about March 7, 2000, plaintiff filed his 1999 federal income tax return. (Exh. 1 to defendant's memorandum in support of motion.)

2. Plaintiff alleged on his return that the $21,252.84 in wages he received from Federal Express and LSI Temporary Services was not income. Plaintiff showed no taxable income on the form and calculated that he overpaid the amount withheld, $2200.58. Pages three and four of plaintiff's return consist of various arguments against the validity of the Internal Revenue Code which are commonly made by those who oppose the tax system. In particular, plaintiff asserted that wages are not taxable income. (Exh. 1.)

3. On June 10, 2000, the IRS assessed the $500 frivolous return penalty authorized by 26 U.S.C. § 6702(a) against plaintiff for his 1999 income tax return. (Decl. Of Linda Bearden, Exh. 2, para. 7; Exh. C.)

4. On September 4, 2000, the IRS mailed a final notice and demand letter to plaintiff. (Decl. of Linda Bearden, Exh. 2, para. 7; Exh. C.)

5. On November 7, 2000, the IRS mailed plaintiff a notice of intent to levy, which proposed a levy to collect the frivolous return penalty assessed

against him. (Decl. Of Linda Bearden, Exh. 2, para. 3; Exh. A.)

6. On November 14, 2000, plaintiff filed a request for a hearing under 26 U.S.C. § 6330. (Decl. of Linda Bearden, Exh. 2, para. 4; Exh. B.)

7. On May 9, 2001, Linda Bearden, an appeals officer with the IRS, was assigned to conduct the collection due process hearing. (Decl. of Linda Bearden, Exh. 2; para. 5.)

8. Ms. Bearden had no prior involvement with the outstanding penalty which was the subject of the proposed levy. (Decl. of Linda Bearden, Exh. 2, para. 5.)

9. On June 12, 2001, Ms. Bearden met with plaintiff at her office. (Decl. of Linda Bearden, Exh. 2, para. 6.)

10. At the meeting, plaintiff did not discuss or offer any collection alternatives. (Decl. of Linda Bearden, Exh. 2, para. 6.)

11. Although plaintiff alleged that he did not receive a copy of the notice and demand letter mailed to plaintiff on September 4, 2000, plaintiff admitted at the meeting that the address to which the IRS mailed the notice was his current address. (Decl. of Linda Bearden, Exh. 2, para. 7.)

12. At the hearing, plaintiff contended that the assessment of the penalty was improper because: (1) he did not receive a copy of the notice and demand, (2) he was not furnished with proof that the deficiency notice was mailed to him, and (3) wages are not income under 26 U.S.C. § 61. (Decl. of Linda Bearden, Exh. 2, para. 8.)

13. Although Ms. Bearden provided plaintiff with copies of portions of the Internal Revenue Code relevant to the assessment of the frivolous return penalty, plaintiff continued to present argument contesting the authority of the United States to assess and collect income and other taxes. Ms. Bearden terminated the hearing and requested that plaintiff leave her office. (Decl. of Linda Bearden, Exh. 2, para. 9.)

14. Pursuant to plaintiff's request, Ms. Bearden mailed to plaintiff copies of additional Internal Revenue sections relevant to the IRS's authority to file a federal tax lien, a copy of the assessment document, and a copy of her job description. (Decl. of Linda Bearden, Exh. 2, para. 10.)

15. Ms. Bearden determined that the issuance of a notice of levy balanced the need for efficient tax collection with plaintiff's arguments against the legitimacy of the frivolous return penalty. (Decl. of Linda Bearden, Exh. 2, para. 11.)

16. Ms. Bearden prepared the appeals case memorandum in this case prior to the issuance of the notice of determination. The memorandum reflects what occurred during the collection due process hearing on June 12, 2002. (Decl. of Linda Bearden, Exh. 2, para. 12; Exh. D.)

17. On September 28, 2001, the Appeals Office mailed plaintiff a notice of determination, based upon Ms. Bearden's recommendation and evaluation of the appeals hearing. (Decl. of Linda Bearden, Exh. 2, para. 13; Exh. E.)

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "So long as the movant has met its initial burden of 'demonstrat[ing] the absence of a genuine issue of material fact,'" *id.* at 323, 106 S.Ct. 2548, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

*Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir.1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

Twenty six U.S.C. § 6330 provides a taxpayer with the right to a collection due process (CDP) hearing before a levy may issue against any property. The CDP provides an opportunity to discuss collection options and liability issues. Section 6330(c)(2) provides:

Issues at hearing.—

(A) In general.—The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including—

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.—The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

A taxpayer who is dissatisfied with the hearing determination may seek judicial review, pursuant to 26 U.S.C. § 6330(d).

■ Plaintiff agrees with the defendant that the validity of his underlying tax liability for his 1999 return is not properly part of this appeal and that the appropriate standard of review is under an abuse of discretion standard. While the Sixth Circuit has determined the appropriate standard of review for administrative agency decisions for penalty determinations to be an abuse of discretion standard, it has not yet addressed the issue in the IRS tax penalty context. *Steeltech, Ltd. v. United States Environmental Protection Agency,* 273 F.3d 652, 655 (6th Cir.2001); *Schuck v. Frank,* 27 F.3d 194, 197 (6th Cir.1994).

District courts within the circuit have adopted the abuse of discretion standard in IRS cases citing the legislative history of § 6330(d). H.R. Conf. Rep. No. 105–599, at 266 (1998); *Bonfante v. United States,* No. C–2–00–1222, 2002 WL 373407 (S.D.Ohio Jan.29, 2002); *Geller v. United States,* 88 A.F.T.R.2d 6494, 2001 WL 1346669 at *2 (S.D.Ohio Sept.26, 2001). Under the abuse of discretion standard, a determination will be affirmed unless the court determines with a "definite and firm conviction" that a clear error of judgment has been committed. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998).

Plaintiff attended the CDP, however he declined to challenge matters allowable under § 6330(c)(2). In particular, plaintiff did not challenge the appropriateness of the intended method of collection, offer an alternative means of collection, or raise a spousal defense. Rather, plaintiff challenged whether the IRS followed its required procedures in assessing the penalty and effecting the levy. Plaintiff raises those same issues here, alleging:

1.  the final notice which advised him of his right to the CDP was not signed by the Secretary of the Treasury or his delegate,

2.  the appeals officer did not obtain verification from the Secretary or his delegate that all requirements of any applicable law or administrative procedures have been met as required by § 6330(c)(1),

3.  no statutory demand for payment was sent using "Form 17,"

4.  the person assessing the penalty was not disclosed, and

5.  the statutory authority to impose the penalty was not identified.

■ It is clear from the record that plaintiff received the notice of intent to levy. The address on the notice of intent

to levy is the address plaintiff has provided the court as his current and valid address. *See United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.1984). Furthermore, plaintiff responded to the notice by requesting a CDP.

■ Plaintiff's contention that he did not receive a particular form, which he deems "the statutory form," and that the IRS failed to produce that particular form at the hearing is unavailing. The particular form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a). *Elias v. Connett,* 908 F.2d 521, 525 (9th Cir.1990). The final notice which plaintiff attached to his complaint satisfies those requirements. Thus, plaintiff had no statutory basis for presenting a challenge to the underlying tax liability at the CDP.

■ Furthermore, issues 2, 4, and 5, plaintiff's demands for proof of authority to assess penalties and justification to require payment have absolutely no legal foundation. Certificates of assessments and payments are generally regarded as being sufficient proof and probative evidence, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made. *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir.1992)(citing *United States v. Chila,* 871 F.2d 1015, 1018 (11th Cir. 1989); *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir.1992); *Zolla,* 724 F.2d at 810; *United States v. Miller,* 318 F.2d 637, 639 (7th Cir.1963)).

■ Here, as in *Gentry,* the certificate and the summary record were signed by IRS directors and officers. Once a valid assessment has been conducted, the government enjoys a presumption of official regularity when implementing a summary

collection procedure. *Koff v. United States,* 3 F.3d 1297, 1298 (9th Cir.1993); *Gentry,* 962 F.2d at 557–58; *United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976).

■ Unlike the assessment documents, no signature of a particular official is required on the notice of intent to levy despite plaintiff's insistence to the contrary in issue 1. The purpose of the notice of intent to levy is to provide a taxpayer upon whose property or rights to property the IRS intends to levy, notice of that intention and to give them the right to, and the opportunity for, a pre-levy CDP hearing with the IRS Office of Appeals. *See* 26 C.F.R. § 301.6330–1(a). The final notice received by Carroll was signed by the Chief of the Automated Collection Branch, Betsy Kinter and indisputably provided him with all the information required under 26 U.S.C. § 6303(a). *Cf. Sage v. United States,* 908 F.2d 18, 22–23 (5th Cir.1990)(holding technical error will not invalidate a § 6303 notice that complies with the literal requirements); *Elias v. Connett,* 908 F.2d at 525 (holding form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides taxpayer with § 6303(a) information).

An IRS appeals officer must base his decision on three factors: 1) the verification that the requirements of any applicable law of administrative procedure have been met; 2) the issues raised by the taxpayer; and 3) the balance between the need for efficient tax collection and the legitimate concern of the person that any collection action be no more intrusive than necessary. 26 U.S.C. § 6330(c)(3).

■ There is no basis in the record for the court to conclude that the defendant abused its discretion. Carroll has presented no facts demonstrating any procedural defect in the assessment of the tax penalty against him. Thus, the court determines that the IRS complied with all applicable laws and procedures. Furthermore, Carroll was provided with an opportunity to raise relevant objections at a hearing with an appeals officer who had no prior involvement in his case. Carroll failed to raise a valid challenge to the proposed levy at the CDP. He does not dispute that he was afforded an opportunity to raise issues at the hearing, but disputes the manner in which the hearing was conducted and the authority of the officer to issue the determination. Rather than provide any basis for his allegation that the officer abused her discretion, Carroll continues to assert the same frivolous claims in the pleadings before this court.

■ Plaintiff contends that the defendant's motion for summary judgment should be denied because he has not been provided with an opportunity for discovery. Defendant filed a motion for a protective order upon receiving plaintiff's unsigned interrogatories and requests for production. Those requests are attached as exhibits to the government's motion for a protective order. Plaintiff filed an objection to the defendant's motion for protective order which includes a request that he be allowed to proceed with discovery.

The interrogatories consist of plaintiff's requests that the defendant identify each frivolous argument that plaintiff presented at the CDP. The requests for production are derivative of the demands made at the hearing, which plaintiff insists were not satisfied. Plaintiff sets forth no adequate explanation of how additional discovery can rebut the record or case law before the court.

The relevant official forms and documents are before the court. The information sought by the plaintiff is not relevant to the issues before the court. Nor will the information sought by the plaintiff pro-

duce facts to refute the government's evidence that it satisfied the procedural requisite to levy on plaintiff's property. The parties agree that the standard for review is the abuse of discretion standard and the court is confined to the administrative record. *United States v. Carlo Bianchi and Co., Inc.*, 373 U.S. 709, 714, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963). Thus, the court determines that it is appropriate to rule on defendant's motion for summary judgment with no further discovery permitted.

Accordingly, the court finds that the appeals officer did not commit clear legal error. Because there is no evidence of error in judgment by the appeals officer, nor any specific allegation by Carroll that would support a finding of abuse of discretion, the defendant is entitled to summary judgment as a matter of law. The defendant's motion for summary judgment is GRANTED. Defendant's motion for a protective order is denied as moot.

Furthermore, the court determines that based upon the frivolous nature of plaintiff's arguments, plaintiff maintained this action in bad faith. Thus, the United States is entitled to recover a reasonable attorney's fee and related expenses under 28 U.S.C. § 2412(a) and the bad-faith exception to the American rule, generally denying such recovery in the absence of a contractual or statutory provision. *See Reed v. United States*, 581 F.Supp. 718, 720–21 (D.Colo.1984); *Lovell v. United States*, 579 F.Supp. 1047, 1049 (D.C.Wis. 1984); *Tibbetts v. Secretary of the Treasury*, 577 F.Supp. 911, 915 (D.C.N.C.1984); *Collorafi v. United States*, 579 F.Supp. 506, 507 (D.C.N.Y.1983); *cf. Perkins v. Commissioner of Internal Revenue*, 746 F.2d 1187, 1188–89 (6th Cir.1984).

Counsel for the defendant will file within eleven (11) days of this order his declaration under penalty of perjury, *see* 28 U.S.C. § 1746, itemizing the number of hours he expended in representing his client in this proceeding, the approximate hourly rate at which the United States has compensated (or will compensate) him for such representation, and any expenses incurred in such representation. Plaintiff will be allowed five days after such filing in which to submit any desired response. Entry of a final judgment will await the court's determination of the amount of allowable attorney's fee.