**Barry S. POLLACK, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 03–2882 D/P.**

United States District Court,
W.D. Tennessee,
Western Division.

July 28, 2004.

Jerry Hanover Schwartz, Law Office of Jerry Schwartz, Memphis, TN, for Plaintiff.

Jason S. Zarin, Washington, DC, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DONALD, District Judge.

Before the Court is the motion of the United States of America ("Defendant") for summary judgment. Barry S. Pollack ("Plaintiff") brings this case pursuant to 26 U.S.C. § 6330(d) for judicial review of a Notice of Determination by the Internal Revenue Service ("IRS"). Plaintiff challenges the IRS's assessment against him of a trust fund recovery penalty, the IRS's collection action, and the Federal Tax Lien that the IRS filed against him. For the following reasons, the Court grants in part and denies in part Defendant's motion for summary judgment.

### I. Factual and Procedural Background

The Notice of Determination at issue here concerns unpaid trust fund recovery penalties for the second through fourth quarters of 1999, the second through fourth quarters of 2000, the first through fourth quarters of 2001, and the first quarter of 2002. The total value of the penalty is $130,522.80 plus interest.

The assessment arises out of Plaintiff's former position as Secretary/Treasurer for Speechcare, P.C. ("Speechcare"), a corporation owned and operated by Plaintiff's spouse, Sharon Pollack. Speechcare was administratively dissolved by the Tennessee Secretary of State on September 20, 1996.

On July 11, 2002, the IRS mailed to Plaintiff a letter addressed to 7667 Stout Road. (Pl.Aff.Ex. C.) Plaintiff has never lived or worked at such an address. (Id. ¶ 5.) Plaintiff resides at 4542 Chickasaw. (Id. ¶ 2.) The letter was written by La-Verne Gentry, a Revenue Officer with the IRS, and it concerned a meeting scheduled for August 6, 2002, to discuss the trust fund recovery penalty related to Speech-

care. (Id. Ex. C.) Ms. Gentry also mailed a letter to Mrs. Pollack, requesting a meeting with her. (Gentry Decl. ¶ 3.) On July 26, 2002, Ms. Gentry received a message from Mrs. Pollack, advising her that Mrs. Pollack wanted to reschedule both her and her husband's appointments with Ms. Gentry. Mrs. Pollack did not leave her telephone number. (Id. ¶ 4.) Plaintiff did not show up for his August 6, 2002, meeting, nor did he call to reschedule. (Id. Ex. A.)

On September 25, 2002, Ms. Gentry sent Plaintiff by certified mail a notice of proposed assessment of the trust fund recovery penalty under 26 U.S.C. § 6672. (Id. ¶ 6, Ex. C.) This letter ("Letter 1153") explained how to protest or appeal the assessment, including the requirement that he mail the IRS a written appeal within 60 days from the date of the letter. (Id. Ex. C.) The full address at the heading of the letter is not legible, but the last three digits are 542. (Id.) The certified mail envelope, however, was addressed to Plaintiff at 4542 Chickasaw Rd. (Id. Ex. D, E.)

Also on September 25, 2002, Ms. Gentry mailed to Plaintiff a letter ("Letter 3164") informing him that the IRS might contact third parties during its investigation of the penalty. (Id. ¶ 6, Ex. B.) The heading of this letter had the typed address of 6542 Chickasaw, but a handwritten notation changed the address to 4542 Chickasaw. (Id. Ex. B.)

Ms. Gentry attests that she noticed that both of the September 25, 2002, letters had incorrect internal addresses of 6542 Chickasaw, which she changed by hand to 4542 Chickasaw. (Id. ¶ 7.) Ms. Gentry also attests that she correctly addressed the mailing envelopes by hand. (Id. ¶ 8.)

Defendant claims that Plaintiff refused to accept delivery of Letter 1153, and that the letter was returned to the IRS after

two delivery attempts. (Bearden [1] Decl. ¶ 7d; Gentry Decl. ¶ 9.) Plaintiff attests that he has never refused delivery of any correspondence from the IRS. (Pl.Aff.¶ 6.)

On June 12, 2003, the IRS sent Plaintiff a Notice of Federal Tax Lien Filing. (Bearden Decl. ¶ 3, Ex. A.) This letter notified Plaintiff of his right to request a hearing with the IRS to appeal the collection action. (*Id.* Ex. A.) On July 11, 2003, Plaintiff filed a request for a collection due process hearing under 26 U.S.C. § 6330. (*Id.* ¶ 4, Ex. B.)

Ms. Bearden was assigned to conduct the hearing. She had no prior involvement with the determination of the penalty that was the subject of the liens. (*Id.* ¶ 5.) Ms. Bearden attests that she verified that all statutory, regulatory, and administrative requirements were met before the Notice of Federal Tax Lien Filing was issued, and that the liabilities were properly assessed and unpaid at the time the Notice was issued. (*Id.* ¶ 6.)

On October 2, 2003, Ms. Bearden met with Jerry Schwartz, Plaintiff's representative. (*Id.* ¶ 8; Pl. Aff. ¶ 7; Schwartz Aff. ¶ 3.) Ms. Bearden attests that, at this collection due process hearing, Mr. Schwartz did not challenge the appropriateness of the filing of the tax lien. She attests that Mr. Schwartz's only justification for abating the liens was that Plaintiff did not know about the assessment and that Plaintiff was not a person required to collect, account for, and pay the withholding taxes of Speechcare. (Bearden Decl. ¶ 9–10.) Mr. Schwartz attests that he did challenge the appropriateness of the lien and the assessment at the hearing, specifically as to the assessment of $47,360.90 for the second quarter of 1999. (Schwartz Aff. ¶ 4.) Neither Mr. Schwartz nor Plaintiff offered a collection alternative. (Bearden Decl. ¶ 11.)

At the hearing, Ms. Bearden provided Mr. Schwartz with a blank Form 4180 Report of Interview, which is a data-collection form used during a trust fund recovery penalty audit. Ms. Bearden attests that she requested that Plaintiff complete and return the form by October 16, 2003. (*Id.* ¶ 12.) Mr. Schwartz attests that Ms. Bearden asked only if two weeks would be enough time to return the form and get the information and that he understood this to mean that the two weeks were merely a "guideline," rather than a deadline, for returning the form. (Schwartz Aff. ¶ 3.) The IRS received the form on October 27, 2003. (*Id.* ¶ 5; Bearden Decl. ¶ 17.)

As Plaintiff neither returned the Form 4180 by October 16, 2003, nor proposed a collection alternative, Ms. Bearden determined that the issuance of the notice of federal tax lien balanced the need for efficient tax collection with Plaintiff's legitimate concern that any collection action be no more intrusive than necessary. (Bearden Decl. ¶ 14.) On October 27, 2003, the IRS Appeals Office mailed Plaintiff a Notice of Determination, based on Ms. Bearden's recommendations and conclusions, that sustained the assessment of the trust fund penalty and the filing of the federal tax lien. (*Id.* ¶ 16, Ex. G.)

 Plaintiff filed this complaint for redetermination on November 24, 2003. Defendant filed its motion for summary judgment on May 25, 2004. Defendant argues that 1) the IRS did not abuse its discretion in rendering its determination, and 2) Plaintiff may not challenge his underlying tax liability before this Court, under 26 U.S.C. § 6330(c)(2)(B). Plaintiff responded on June 18, 2004, arguing that genuine issues of material fact exist such that summary judgment is inappropriate. Specifi-

---

1. Linda Bearden is an Appeals Officer with the IRS in Memphis, Tennessee.

cally, Plaintiff argues that the IRS abused its discretion by 1) not mailing notice to Plaintiff at his last known address and 2) not considering the information in Plaintiff's Form 4180. Plaintiff also argues that he may dispute his tax liability before this Court because he did not have a prior opportunity to do so. Defendant replied on July 8, 2004,[2] asserting that Letters 3164 and 1153 were sent to Plaintiff's correct address.

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. This in turn may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright, Arthur R. Miller & Mary K. Kane,

*Federal Practice and Procedure* § 2727, at 35 (2d ed. Supp.1996).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Walborn v. Erie County Care Facility,* 150 F.3d 584, 588 (6th Cir.1998). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. *Kalamazoo River Study Group v. Rockwell Int'l,* 171 F.3d 1065, 1068 (6th Cir.1999).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348.

## III. Analysis

Section 6330 provides due process protections for taxpayers in tax collection matters involving levies and liens. 26 U.S.C. §§ 6320, 6330 (2004); *see Muller v. Rossotti,* No. 3:02–0867 (slip op.), 2004 WL 1005385, at *4 (M.D.Tenn. Mar.24, 2004).

---

**2.** Defendant did not obtain leave of the Court before filing its reply, as is required. The Court views the information in the reply as especially pertinent to the motion, however, and will consider it at this time, retroactively granting leave to file it. Plaintiff filed an additional brief, also without leave of the Court, on July 21, 2004. This brief offered no additional evidence and merely rehashed Plaintiff's arguments. As such, and because it was procedurally improper, the Court declines to consider the brief.

Generally, the Commissioner is required to give notice to the taxpayer of the opportunity for a hearing and administrative appeal. 26 U.S.C. §§ 6320, 6330. Section 6330(d)(1) allows the taxpayer to appeal the determination of the appeals officer to the tax court or a federal district court.

Section 6330 does not state the standard of review that the court is to apply in reviewing the appeals officer's administrative determinations. *Muller*, 2004 WL 1005385, at *5; *MRCA Info. Servs. v. United States*, 145 F.Supp.2d 194, 199 (D.Conn.2000). The statute's legislative history, however, prescribes a de novo standard of review, where the validity of the tax liability is properly at issue in the hearing and where the determination with regard to the tax liability is part of the appeal, but an abuse of discretion standard of review where the validity of the tax liability is not properly part of the appeal. *See MRCA*, 145 F.Supp.2d at 199.

■ As a general matter, the Sixth Circuit has determined that the appropriate standard of review for administrative agency decisions for penalty determinations is abuse of discretion, but it has not yet addressed the issue specifically as it pertains to review of an IRS collection due process hearing. *Muller*, 2004 WL 1005385, at *6; *Carroll v. United States*, 217 F.Supp.2d 852, 855 (W.D.Tenn.2002). However, "district courts within the circuit have adopted the abuse of discretion standard in IRS cases citing the legislative history of § 6330(d)." *Carroll*, 217 F.Supp.2d at 856. Pursuant to the legislative history and the practice of courts in this circuit, therefore, the Court uses a variable standard of review dependent on whether the underlying tax liability may properly be contested. *See Sego v.*

*Comm'r of Internal Revenue*, 114 T.C. 604, 2000 WL 889754 (2000).

The Court therefore must first determine whether the validity of the underlying tax liability may be contested here, which is itself a major issue on summary judgment. Under § 6330(c), the taxpayer may, in the due process hearing, raise "challenges to the existence or amount of the underlying tax liability for any tax period *if the person did not receive statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.*" 26 U.S.C. § 6330(c)(2)(B) (emphasis added); *see also Goza v. Comm'r of Internal Revenue*, 114 T.C. 176, 2000 WL 283864 (2000). Plaintiff contends that he did not have an opportunity to dispute his tax liability prior to the collection due process hearing because the IRS mailed the statutory notice to the incorrect address. Thus, Plaintiff contends that he should be able to contest his liability in this appeal. Even taking the facts in the light most favorable to Plaintiff, under the proper legal standard, the evidence does not support his argument.

■ First, while Defendant does not dispute that the July 11, 2002, letter was sent to 7667 Stout Road, which was never Plaintiff's address, that letter merely concerned a meeting between Plaintiff and Ms. Gentry and was not itself notice of the deficiency.[3] Therefore, failure of this letter to reach Plaintiff did not negate any later notice.

■ Second, the exhibits show that, for the September 25, 2002, letters, the internal addresses were initially incorrect, but that Ms. Gentry corrected at least one of them and put the correct address on the

---

**3.** Defendant also contends that, because Mrs. Pollack had notice of the scheduled meeting referred to in the July 10, 2002, letter, Plaintiff also had notice. The Court will not presume notice from one spouse to another on these facts.

certified mail envelope and receipt for Letter 1153, which was the notice of the proposed assessment and right to appeal. Defendant's exhibits show that the U.S. Postal Service ("USPS") attempted delivery twice, but that delivery was refused. Absent clear evidence to the contrary, the court applies a presumption of official regularity and delivery by the USPS. *Sego,* 114 T.C. 604, 2000 WL 889754. Further, "taxpayers cannot defeat actual notice by deliberately refusing delivery of statutory notices of deficiency." *Id.; see also Patmon & Young Prof'l Corp. v. Comm'r of Internal Revenue,* 55 F.3d 216, 218 (6th Cir.1995). Here, Plaintiff attests that he never refused delivery of any correspondence from the IRS. This attestation alone is not "clear evidence" that can defeat the presumption that the USPS, as stated on its return sheet, attempted twice to deliver certified mail that was addressed correctly to Plaintiff, but that delivery was refused. Accordingly, the Court concludes that attempts to deliver the statutory notice were made in the manner contended by Defendant. *See Sego,* 114 T.C. 604, 2000 WL 889754.

■ The statutory notice having been sent and delivery having been refused, the Court finds that Plaintiff had actual notice of the deficiency and proposed assessment. He did not contest the deficiency through the protest and appeal process described in the letter. As such, Plaintiff had an opportunity, which he did not take, to challenge the amount of his tax liability before assessment, and he therefore was not entitled to challenge the liability during his collection due process hearing. *See* 26 U.S.C. § 6330(c)(2)(B).

■ Plaintiff points to § 6330(c)(4) to support his argument that he could have raised and may still raise the issue of liability. Under that section, an issue may not be raised at the collection due process hearing if "the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding," and "the person seeking to raise the issue participated meaningfully in such hearing or proceeding." 26 U.S.C. § 6330(c)(4). This general provision, however, does not override the specific provision in § 6330(c)(2)(B), precluding the taxpayer from raising the issue of liability if he received statutory notice of the deficiency or had a prior opportunity to dispute it. *See United States v. Perry,* 360 F.3d 519, 535 (6th Cir.2004) ("One of the most basic canons of statutory interpretation is that a more specific provision takes precedence over a more general one."). Plaintiff's argument is therefore unavailing.

■ By not being properly at issue in the due process hearing, the issue of liability is also not before this Court on appeal. *See Muller,* 2004 WL 1005385, at *7. Accordingly, the Court grants Defendant's motion for summary judgment as to Plaintiff's underlying tax liability, holding that it is not properly at issue here.

■ As to the due process hearing and resulting notice of determination, the Court thus applies the abuse of discretion standard of review because the tax liability is not at issue. *Sego,* 114 T.C. 604, 2000 WL 889754. "Under the abuse of discretion standard, a determination will be affirmed unless the court determines with a 'definite and firm conviction' that a clear error of judgment has been committed." *Carroll,* 217 F.Supp.2d at 856 (quoting *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998)).

■ Sections 6330(b) and 6330(c) prescribe the procedures that must be followed and the matters that may be raised by a taxpayer at a due process hearing. First, the hearing must be conducted by an IRS officer or employee who "has had

no prior involvement with respect to the unpaid tax." 26 U.S.C. § 6330(b)(3). Second, the appeals officer must obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. 26 U.S.C. § 6330(c)(1). Third, subject to the restrictions of § 6330(c)(2)(B), the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy," including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. 26 U.S.C. § 6330(c)(2)(A). Finally, the determination by the appeals officer shall take into consideration whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. 26 U.S.C. § 6330(c)(3).

Defendant contends that all of the procedural requirements of §§ 6330(b) and (c) were met and that there was no abuse of discretion in the appeals officer's decision. Ms. Bearden based her decision on her verification that all applicable laws and procedures were met, Plaintiff's failure to submit a collection alternative, and the balancing test under the statute. Ms. Bearden did not consider the Form 4180, because Plaintiff did not submit it by October 16, 2003. Plaintiff contends that there was an abuse of discretion in Ms. Bearden's failure to consider the completed Form 4180 in her determination.

The Court finds a fact issue precluding summary judgment with respect to the Form 4180. First, there is a factual dispute as to whether Plaintiff's return of the form on October 27, 2003, occurred too late to be considered by Ms. Bearden. While Ms. Bearden claims that she set the date of October 16, 2003, for return of the form, Mr. Schwartz claims that October 16, 2003, was not set as a firm deadline. Taking the facts in the light most favorable to Plaintiff, the Court views the October 16, 2003, date as merely a guideline for return, such that, when the form was returned later, it was not necessarily barred from consideration by Ms. Bearden. If the only reason for refusing to consider the information in the form was its allegedly late return, but the return was not actually late, then there is at least a fact issue as to whether it was an abuse of discretion for her not to consider the form.

Second, Ms. Bearden attests to having given a blank Form 4180—rather than a completed form—to Mr. Schwartz, for Plaintiff to complete and return. According to the IRS manual, the officer is not to give the taxpayer a blank Form 4180 for completion by that person, but rather should give the taxpayer a completed form for his signature. *See Larsen v. United States*, 39 Fed.Cl. 162, 166 (1997). A fact issue therefore exists as to whether it was an abuse of discretion for Ms. Bearden to give Plaintiff a blank Form 4180, rather than a completed form.

Accordingly, the Court denies Defendant's motion for summary judgment on the issue of whether the appeals officer's determination sustaining the collection activity and the federal tax lien constituted an abuse of discretion.

## IV. Conclusion

The Court finds that Plaintiff had an opportunity to dispute his underlying tax liability before the assessment and therefore that he is barred from raising the issue of liability in this proceeding. Accordingly, the Court **GRANTS** in part Defendant's motion for summary judgment on the issue of Plaintiff's tax liability. The Court also finds that a genuine issue of material fact remains as to whether the IRS's determination sustaining the collection activity and the federal tax lien was an

abuse of discretion. Accordingly, the Court **DENIES** in part Defendant's motion for summary judgment on review of the collection due process hearing.