Jason BARTLEY, Plaintiffs,

v.

**UNITED STATES INTERNAL
REVENUE SERVICE,**
Defendant.

No. 1:04 CV 1840.

United States District Court,
N.D. Ohio.

Oct. 14, 2004.

Jason Bartley, Akron, OH, pro se.

*MEMORANDUM OF OPINION*

O'MALLEY, District Judge.

On September 10, 2004, *pro se* plaintiff Jason Bartley filed this action against the

Internal Revenue Service (IRS). Mr. Bartley is seeking to set aside a Notice of Determination ("Determination") issued by the I.R.S. Office of Appeals (Appeals Office) on August 12, 2004. He asserts that he is entitled to relief pursuant to 26 U.S.C. § 6330 because the Determination was issued in violation of the law. For the reasons set forth below, this action is dismissed.

### Factual and Procedural Background

Mr. Bartley completed an I.R.S. Request for a Collection Due Process (CDP) Hearing (Form 12153), which he signed and dated on June 20, 2003. In response to a pre-printed directive on the form, Mr. Bartley indicated that he did not agree with the Notice of Levy/Seizure action taken by the I.R.S. He attached to the form an explanation of his position wherein he set forth that the "Notice (Exhibit a) advising me of my right for a CDP hearing ... was signed by *no one*. Therefore at my CDP hearing I demand that the appeals officer have at the hearing the Delegation Order from the **Secretary of the Treasury** delegating to *whoever sent out the notice,* the authority to notify me of my right to a CDP hearing as provided for in 6330(a)." (Pl.'s Ex. B–2)(emphasis in original). He further demanded that the Appeals Officer bring: (1) the delegation of authority from the Secretary of Treasury authorizing the person who imposed the frivolous penalty the authority to do so; (2) a job description of those I.R.S. employees who imposed the frivolous penalty; (3) the Treasury regulation that allows I.R.S. employees to impose a frivolous penalty and the regulation that requires him to pay it; and (4) written approval by an immediate supervisor approving the determination of an assessment pursuant to 26 U.S.C. § 6751. Mr. Bartley asserted that if an approval document were not available the Appeals Officer must bring "some other **document** that supports and authorized the imposition of the 'frivolous' penalty." *Id.* (emphasis in original). He stated further that he is "challenging the 'underlying liability' of the tax at issue as referred to in Code Section 6330(c)(2)(B), I am requesting that the hearing officer have at the hearing the specific Code section that makes me 'liable' for the underlying, income tax at issue." (Pl.'s Ex. B–2.) Mr. Bartley concluded that it would be necessary for the Appeals Officer to present this information at the CDP hearing "before I am persuaded that I am legally obligated to pay the $500, frivolous penalty at issue." (Pl.Ex. at B–3.)

A CDP hearing was held in Cleveland, Ohio on May 25, 2004 between Mr. Bartley and Douglas Kane, I.R.S. Settlement Officer. At the request of Mr. Bartley, the hearing was tape recorded, as well as transcribed by a court reporter he hired. A review of the hearing transcript attached to the complaint indicates that Mr. Kane requested Mr. Bartley's administrative file (i.e. hard copies of taxpayer's return, correspondence, forms etc.) for the three relevant tax years, but only received the administrative file for 1998 in time for the hearing. In lieu of the two remaining files, Mr. Kane referred to I.R.S. computer transcripts which reflected when penalties were assessed, when the demand for payment was made and any balance which remained unpaid. He noted that it appeared that the balance for tax year 1998 had been paid, but a balance remained for tax years 1999 and 2000. Without specifically addressing the balances which appeared to be due, Mr. Bartley raised many of the same issues he outlined in his request for a hearing and concluded that he was not liable for any frivolous penalty because the I.R.S. failed to prove any taxpayer's "liability" for the payment of income taxes.

Diane Villa, I.R.S. Appeals Team Manager, issued a Notice of Determination to Mr. Bartley on August 12, 2004. In the Determination, she addressed the collection due process hearing held on May 25, 2004 regarding Mr. Bartley's frivolous return penalties for the 1998, 1999 and 2000 tax periods. Ms. Villa concluded that the proposed levy action for the 1999 and 2000 periods should be sustained and that the I.R.S. complied with applicable laws and procedures. In support of the Determination, she noted that "liabilities are due because you were assessed penalties under IRC § 6702 for filing frivolous tax returns. The Notice of Intent to Levy and Notice of Your Right to a Hearing was sent to you May 24, 2003. Your Form 12153, Request for a Collection Due Process Hearing, was postmarked on June 20, 2003. It was, therefore, a timely request." (Pl.Ex. A–3.)

In outlining the procedures the I.R.S. followed prior to issuing its Determination, Ms. Villa noted that (1) assessments were made in accordance with IRC § 6702; (2) the notice and demand for payment letter was mailed to the last known address within 60 days of the assessment, as required by IRC § 6303; (3) IRC § 6321 provides for the imposition of a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand; and (4) at the time the CDP notice was issued per IRC § 6322 and sent by certified mail return receipt to the last known address a balance was due. (Letter from Villa to Bartley of 8/12/04, at Attach. 1.) Ms. Villa concluded that this information was verified through a review of computer transcripts and information contained in the case file.

Mr. Bartley appealed the Determination issued by the I.R.S. as it relates to § 6702

civil penalties for the 1999 and 2000 tax periods. Citing this court's jurisdiction pursuant to 26 U.S.C. § 6330(d)(1)(B) in his complaint, Mr. Bartley asks this court to:

a) Declare invalid the IRS "determination" of January 26, 2001, since no meaningful hearing was ever held.[1]

b) [R]emand to the Commissioner with directions to remand to a new Appeals Officer.

c) Order the government to reimburse Plaintiff for all of (her) [sic] costs in bringing this action.

d) Award Plaintiff such other punitive damages as equity relief dictates, based on the needless time, effort and money Defendant's lawless actions compelled Plaintiff to expend.

(Compl. at 12.)

### Law and Analysis

■ Although *pro se* pleadings are liberally construed, *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999); *see Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.,* 857

---

1. The "January 26, 2001" date may reflect a reference to a determination issued in a previous complaint filed by another taxpayer, which Mr. Bartley may have used as a framework for his complaint before this court.

F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

## I. Standard of Review

■ Although § 6330 does not prescribe the standard of review the district court must apply in reviewing the I.R.S.'s administrative determinations, the legislative history of the provision does address this issue. In particular, H. Conf. Rept. 105–599 (1998) states, "Judicial review. The conferees expect the appeals officer will prepare a written determination addressing the issues presented by the taxpayer and considered at the hearing.... Where the validity of the tax liability was properly at issue in the hearing ... [t]he amount of the tax liability will in such cases be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion." *See Sego v. Commissioner,* 114 T.C. No. 37, 2000 WL 889754 (2000) (setting out the same standard); *see also Carroll v. United States,* 217 F.Supp.2d 852, 855 (W.D.Tenn.2002)("district courts within the circuit have adopted the abuse of discretion standard in IRS cases citing the legislative history of § 6330(d)"). "Under the abuse of discretion standard, a determination will be affirmed unless the court determines with a 'definite and firm conviction' that a clear error of judgment has been committed." *Carroll,* 217 F.Supp.2d at 856 (quoting *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir. 1998)).

## II. Due Process Provisions

■ Upon the filing of a notice of federal tax lien or before the issuance of an I.R.S. levy, the I.R.S. is required to notify a taxpayer of his right to request a collection due process hearing within 30 days of the notice of intent. *See* 26 U.S.C. § § 6330(a) and 6331(d). Although there was an initial question regarding the timeliness of Mr. Bartley's request for a hearing, he did provide the Settlement Officer a copy of his Form 12153 Request, which was date stamped: "Received, Internal Revenue Service June 24, 2003."[2]

The Settlement Officer, Douglas Kane, explained that the subject of Mr. Bartley's hearing involved the civil penalty liabilities assessed under Internal Revenue Code (I.R.C.) § 6702 for the 1998, 1999 and 2000 tax year periods. Mr. Kane advised Mr. Bartley that the CDP hearing is an Administrative Appeal in which the settlement officer is not required to consider a taxpayer's refusal to comply based on any moral, religious, political, and/or constitutional issues. (Pl.'s Ex. Trans. at 4.) He explained his role as independent of the I.R.S. Compliance Division, that he had not discussed the merits of his case with anyone in that Division and his goal was to analyze information from the taxpayer and the compliance function to base his decision on the facts and applicable law.

Without question, the issues which can be discussed during a CDP hearing include: (i) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions; and (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer–in-compromise. 26 U.S.C.

---

**2.** Because the I.R.S. sent Mr. Bartley's Notice of Intent to Levy and Notice of Your Right to a Hearing by certified mail, dated May 24, 2003, and his request was received 31 days thereafter, the Settlement Officer concluded that the request was mailed within the deadline.

§ 6330(c)(2)(A). The taxpayer may also raise "challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). Without revisiting a number of contentious exchanges between Messrs. Bartley and Kane during the hearing, Mr. Bartley's challenge to the I.R.S.' Determination is primarily based on his unsupported perception that the penalty process violates the agency's delegated powers.[3]

The I.R.S. is mandated to assess penalties against any party responsible for the preparation of a document which would result in an understatement of the liability for tax of another person, *see* 26 U.S.C. § 6701; and, this authority may be delegated to the district directors and the directors of regional service centers of the I.R.S. *See* 26 C.F.R. 301.6201–1; *see also Googe v. Secretary of the Treasury,* 577 F.Supp. 758, 760 (E.D.Tenn.1983). Focusing on the frivolous return penalties assessed against Mr. Bartley under § 6702, the Code specifically provides:

If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individual shall pay a penalty of $500.

26 U.S.C. § 6702.

In its Determination, the I.R.S. noted that the tax returns Mr. Bartley filed for 1998 and 2000 reflected "0" income.[4] During the hearing and in the complaint before this court, Mr. Bartley continued to challenge the imposition of a frivolous penalty based on the Appeals Officer's failure to "produce a Delegation of Authority from the Secretary [of Treasury]" or "produce a Treasury Department regulation that authorized Defendant employees to impose the 'frivolous penalty' at issue or required Plaintiff to pay such a 'frivolous penalty.' " (Compl. at 6.) The Secretary of the Treasury may delegate much of his authority and responsibilities to others by prescribing rules and regulations, among other methods. 26 U.S.C. § 7805(a); *see also* 26 C.F.R. §§ 301.7701–9, 301.7701–10. There is simply no basis in law for Mr. Bartley's argument that the Secretary cannot delegate his authority to notify taxpayers of their obligations or rights under the Tax Code.[5]

---

**3.** In his first query to Mr. Kane during the CDP hearing, Mr. Bartley disputed whether the I.R.S. followed required procedures by attacking the fact that the Settlement Officer failed to provide "the name of the person who sent out the final notice in writing to [his] right to a hearing, and whether or not they were delegated with the authority from the Secretary." (Pl.'s Trans. at 11.)

**4.** The I.R.S. has been unable to retrieve the administrative file for 1999, but relied on transcripts to recover any relevant information.

**5.** In reviewing the hearing transcript, it appears Mr. Bartley submitted an affidavit at the hearing which averred he "did not receive the statutory Form 17, a Notice of Demand for payment pursuant to 26 U.S.C. 6331 in con-

### III. Underlying Tax Liability

■ The balance of Mr. Bartley's challenges to the Determination focus directly on the merits of any underlying "income" tax liability.[6] Because the "underlying tax liability" in this case are the frivolous return penalties, *see* 26 U.S.C. § 6671; *see also* 26 C.F.R. § 301.6321–1, this court has jurisdiction over the subject of the Commissioner's collection activities in this case. Mr. Bartley challenges the frivolous penalty assessed against him because he disputes the existence of any statute which imposes liability for the payment of income taxes. This question has been asked and answered long before plaintiff filed the tax returns at issue. Wages are income, 26 U.S.C. § 61, upon which plaintiff owes a tax, 26 U.S.C. § 1, and courts-including the Sixth Circuit-have found arguments to the contrary to be bromidic and frivolous. *See, e.g., Sisemore v. United States,* 797 F.2d 268, 270 (6th Cir.1986); *Coleman v. Commissioner,* 791 F.2d 68, 70 (7th Cir. 1986); *Sullivan v. United States,* 788 F.2d 813, 815 (1st Cir.1986); *Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1985);

*In re Hopkins,* 192 B.R. 760, 762–63 (D.Nev.1995).

■ The final allegation in the complaint alleges that the hearing officer erred because he refused to accept the "collection alternative" Mr. Bartley proposed, which was that he would immediately pay the "frivolous penalty" if the appeals officer would merely cite and produce the statute that established the "underlying liability" for the tax. Section 6330 suggests the following as collection alternatives: posting bond; substitution of other assets; an installment agreement; or an offer in compromise. Plaintiff did not offer a valid collection alternative, but rather a challenge to the Appeals Officer which he did not need to address. Mr. Bartley offered to write a check if the Appeals Officer could show him the regulation allowing the Officer to impose the penalty. This is not a collection alternative as that term is used in § 6330. Therefore, the Appeals Officer's refusal to entertain that offer was not an abuse of discretion.

The Determination issued by an Appeals Officer after a CDP Hearing should con-

---

nection with the alleged frivolous penalties for taxes ending 1998, 1999 and 2000." The Settlement Officer refuted his claim, citing an I.R.S. transcript which reflected that Notices of Demand were mailed on the same day an assessment was made for tax years 1998, 1999 and 2000, as follows: July 19, 1999, September 2, 2002 and April 22, 2002. Assuming the truth of Mr. Bartley's statement that he did not receive the Notice of Demand, he has not presented any basis in law which would state that this caused a justiciable injury. Even if Mr. Bartley received a Notice of Demand, his core argument attacks the propriety of imposing any tax on his income and, therefore, would have little relevance to a "Demand" to which he does not believe he is accountable.

**6.** Any dispute regarding his obligation to pay income taxes was not properly raised at the CDP hearing. Generally, "[a] taxpayer is entitled to challenge the existence or amount of

the tax liability specified in the CDP Notice if the taxpayer did not receive a statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute such liability." 26 C.F.R. § 301.6330–1 Q–E2, A–E2 A taxpayer may petition the tax court for a redetermination of a tax deficiency within ninety days after a notice of deficiency has been mailed to the taxpayer. *See* 26 U.S.C. § 6213(a); *Shipley v. Commissioner,* 572 F.2d 212, 213 (9th Cir.1977). "Timely filing of a petition is jurisdictional." *Shipley,* 572 F.2d at 213 (citations omitted). Thus, receipt of a statutory notice of deficiency means timely receipt in order to petition the Tax Court for a redetermination of the deficiency asserted in the notice of the deficiency. 26 C.F.R. § 301.6330–1. Mr. Bartley never argues that he was precluded from properly exercising his right to challenge the existence of his tax liability.

sider verification that all requirements of any applicable law or regulation have been met, any issues raised at the hearing, and whether "the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3). As indicated above, there was adequate verification of compliance with applicable laws and regulations in the Notice of Determination. Mr. Bartley does not quarrel with the fact that he was permitted to raise issues at the CDP Hearing. It was his choice to raise matters irrelevant to the proceeding. The Appeals Officer correctly balanced the competing interests in finding the Notice of Levy appropriate. Plaintiff received due process and adequate information. This Court finds the IRS Appeals Office did not abuse its discretion in issuing the Notice of Determination as it did. Based on the foregoing, Mr. Bartley's complaint is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

### JUDGMENT ENTRY

This Court having contemporaneously filed its Memorandum of Opinion in this case, it is therefore ORDERED that this action is dismissed. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

7. 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.